UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
WAYNE A. SILVA,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 18-095 WES
                                   )
SARAH A. THORNTON, et al.,         )
                                   )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On April 3, 2018, Magistrate Judge Sullivan filed a Report and Recommendation ("R&R") (ECF No. 4) recommending that the Court dismiss Plaintiff's Complaint (ECF No. 1) and deny as moot Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). Although not labeled as such, on April 12, 2018, Plaintiff filed an objection to the R&R. (See Pl.'s Mot. for Writ of Execution, ECF No. 6.)

While barely comprehensible, Plaintiff, pro se, in a cursory fashion, appears to attack Magistrate Judge Sullivan's recommendations that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, that the doctrine of res judicata bars the action, and that venue is not proper in this Court. (See id. at 3-4.) Plaintiff's objections, to the extent that this Court can discern them, are meritless. For instance,

citing supposed "Venue Rule 4.1(b)," Plaintiff suggests that venue is proper over all defendants within one-hundred miles of this Court. (See id. at 4.) The only rule this Court can extract from Plaintiff's reference, Rule 4 of the Federal Rules of Civil Procedure, which deals with establishing personal jurisdiction over a defendant through service of process, is of no assistance to Plaintiff. This Rule applies only to joinder of third-party defendants (Rule 14) or required parties (Rule 19), both absent here. And it does nothing to alter the conclusion that venue is not proper in this district. See, e.g., Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp. 2d 414, 420 (E.D. Va. 2010) ("[S]ervice of process requirements do not determine whether venue is appropriate[.]"); 4 Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1063 (4th ed. 2015) ("Conversely, service in accordance with the federal rules will not prevent dismissal for improper venue if the suit is in the wrong district . . . .").

Although "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted), "pro se status does not relieve [a plaintiff] of the obligation to meet procedural requirements established by

2

law." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (citing United States v. Michaud, 925 F.2d 37, 41 (1st Cir. 1991)). Here, as Magistrate Judge Sullivan outlines, Plaintiff encounters multiple, threshold procedural requirements which are fatal to his Complaint.

The Court, therefore, ACCEPTS the R&R (ECF No. 4) in its entirety and adopts its recommendations and reasoning. For the reasons articulated by the Magistrate Judge, Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot. Plaintiff's remaining filings, labeled as Motions for Writ of Execution (ECF Nos. 5, 6, 8), which lack merit and have no bearing on this Order or the R&R, are DENIED as moot.

IT IS SO ORDERED.

/s/ W.E. Smith
_____
William E. Smith
Chief Judge
Date: June 20, 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE A. SILVA, :
    Plaintiff, :
     :
v. : C.A. No. 18-95WES
     :
SARAH A. THORNTON, et al., :
    Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    On February 27, 2018, Plaintiff Wayne A. Silva filed *pro se* a one-page, handwritten complaint against two unnamed Massachusetts county sheriffs and three Massachusetts residents, Sarah A. Thornton, John G. Gomes and Francis J. Trapasso. The complaint recites that the case belongs in this Court based on federal question jurisdiction derived from the Fourteenth Amendment and 42 U.S.C. § 1983. It references an action apparently filed in Massachusetts state court in 2013, and lists "defaults" against four of the five defendants on various dates in 2014 for amounts exceeding $2 million each (one of the four is listed as "$12,600,113.53"). Accompanying the complaint is a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, which has been referred to me for determination. Because of the IFP motion, this complaint is subject to screening pursuant to 28 U.S.C. § 1915(e).

    With the exception of the name of the court in the heading, Plaintiff's complaint is a verbatim copy of a pleading he filed in the United States District Court for the District of Massachusetts, which was dismissed on January 3, 2018. <u>Silva v. Thornton</u>, Civil Action No. 17-12106-FDS, ECF No. 5 (D. Mass. Jan. 3, 2018) (Final Order of Dismissal). In ordering that the case must be dismissed at screening, the Massachusetts court performed a thorough and thoughtful analysis, including a review of the relevant public database containing Massachusetts

state court case filings. Id. at ECF No. 4 (M. & O. of Jan. 3, 2018). Based on this review, the court concluded that, to the extent that anything coherent can be divined the pleading, Plaintiff was trying to relitigate or reopen a Massachusetts state court case in which the public record established that judgment had entered against him in 2014. Id. at 1-2. Accordingly, the court held that the complaint failed to state a claim because it lacked the "short and plain statement of the claim" required by Fed. R. Civ. P. 8(a)(2) and failed to "give the defendant fair notice of what the plaintiff's claim is."[1] Id. at 3 (citing Calvi v. Knox Cty., 470 F.3d 422, 430 (1st Cir. 2006)). It further found that, to the extent that the action appeared to be an attempt to invoke federal jurisdiction over a case lost in state court, the federal court lacks jurisdiction pursuant to the Rooker-Feldman doctrine.[2] Id. at 4 (citing Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008)).

Finding that the pleading failed to state a claim and that the court lacked subject matter jurisdiction, the Massachusetts district court dismissed the action. Civil Action No. 17-12106-FDS, ECF No. 4 at 3, 4. After Plaintiff persisted, filing a Fed. R. Civ. P. 60 motion for relief from judgment, the court entered an Order barring him from filing any other papers in the action

---

[1] Rule 8(a) requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009) (complaint must nudge claims from conceivable to plausible). The complaint must afford the defendant(s) a "meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera–Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004). "[I]n a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . . [,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

[2] Based on District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It applies when a plaintiff explicitly or implicitly seeks review of a state-court judgment. See Federación de Maestros v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24 (1st Cir. 2005).

except for a notice of appeal. Civil Action No. 17-12106-FDS, ECF No. 7 at 2. Among the grounds for the Order, the court referenced Plaintiff's "history of filing numerous post-judgment motions that are without merit." Id. (citing Silva v. United States, 07-11133-DPW (D. Mass.), and Silva v. City of New Bedford, C.A. No. 01-10918-RWZ (D. Mass.)).

The verbatim copy of the same flawed pleading filed in this Court suffers from all the same defects; accordingly, it is subject to dismissal for all the same reasons. Further, since it is now the subject of final judgment in Massachusetts, to the extent that the dismissal was for failure to state a claim, it is now barred from being relitigated in another District by the doctrine of *res judicata*. AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005) ("a dismissal for failure to state a claim is treated as a dismissal on the merits"); Koolen v. Mortg. Elec. Registration Sys., Inc., 953 F. Supp. 2d 348, 352 (D.R.I. 2013) ("The law . . . is clear that the dismissal for failure to state a claim does constitute a final judgment for res judicata purposes") (citation omitted). In addition, this Court is not an appropriate venue for a case where all defendants (as well as Plaintiff) reside in Massachusetts and the events giving rise to the claim are based on a Massachusetts state court proceeding, with no events or properties in issue that are linked to the District of Rhode Island. Therefore, the case is subject to dismissal because the venue is improper.[3] 28 U.S.C. §§ 1391(b), 1406(a); Cox v. Rushie, C.A. No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (action dismissed on venue grounds under § 1915 when "improper venue is obvious from the face of the complaint and no further factual record is required to be developed") (internal quotation marks omitted). Finally, the Court takes note of the post-dismissal Order that was entered by the Massachusetts district court prohibiting

---

[3] When venue is improper, the Court may dismiss or transfer the action. 28 U.S.C. § 1406(a). Because Massachusetts is the proper venue and the Massachusetts district court has already dismissed the identical pleading, "the interest of justice" tips decisively against transfer and in favor of dismissal. Id.

Plaintiff from filing anything further in the Massachusetts case except for a notice of appeal. Thus, Plaintiff's complaint appears to have been filed in this District for the improper purpose of circumventing the Order entered in Massachusetts. Uzamere v. United States, No. 13-505 S, 2013 WL 5781216, at *14 (D.R.I. Oct. 25, 2013), aff'd, (1st Cir. Apr. 11, 2014) (deliberate and tactical manipulation of venue renders case subject to dismissal as malicious).

Based on the foregoing, I recommend that the complaint be summarily dismissed because it fails to state a claim upon which relief can be granted, because this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, because the action is barred by *res judicata* to the extent that the pleading fails to state a claim, because venue in this Court is improper and because the filing is an attempt to avoid compliance with an Order issued by the District of Massachusetts. Consistent with this recommendation, I further recommend that the IFP motion be denied as moot.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 3, 2018