```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
WAYNE A. SILVA,                     )
                                    )
        Plaintiff,                  )
                                    )
     v.                             )    C.A. No. 18-095 WES
                                    )
SARAH A. THORNTON, et al.,          )
                                    )
        Defendants.                 )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

On August 21, 2018, Magistrate Judge Sullivan filed a Report and Recommendation ("R. & R.") (ECF No. 19) recommending that the Court deny Plaintiff's third Motion for Relief Pursuant to Rule 60(a)(ECF No. 16) and Plaintiff's Motion for Rule 64 Seizure of Property (ECF No. 18). The R. & R. also recommends that the Court enter an order prohibiting Plaintiff from filing any further motions or documents in this matter, except a notice of appeal, without first obtaining Court permission. See R.& R. at 2. Although not labeled as such, Plaintiff filed what might fairly be construed as an objection to the R. & R. on August 29, 2019. See

Pl.'s Obj. to R.&R., ECF No. 20.[1]

As with earlier filings, Plaintiff's objection is a challenge to parse. He appears to contend that a jury – not a judge - should have resolved his Rule 60 motion. See id. at 1. This contention is without merit. See Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.") (emphasis added). To the extent that any understanding can be gleaned from the third paragraph of the objection, Plaintiff also suggests that the Court may "obtain jurisdiction" over the Defendants under Rule 9(e) of the Federal Rules of Civil Procedure. Rule 9(e) concerns pleading a judgment from another tribunal. As Magistrate Judge Sullivan has observed, "there is no judgment or potential judgment" to support his request to seize property, see R. & R. at 1, thus Rule 9(e) is irrelevant. Furthermore, Magistrate Judge Sullivan's April 3, 2018 report and recommendation, which was adopted by the Court, did not "stipulate[]" that various defendants have defaulted; it merely described Plaintiff's allegations. Pl.'s Obj. 2; see April 3, 2018

---

[1] The title of Plaintiff's filing, among other things, asks the Court to "VACATE 8/21/18 ORDER." See Pl.'s Obj. 1.

R. &. R. at 1, ECF No. 4.

The Court has carefully reviewed the R. & R. and agrees with the reasoning provided by Magistrate Judge Sullivan. A party's disagreement with the Court's decision on the merits of an issue is not a basis for correction under Rule 60(a). See Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (stating Rule 60(a) "does not . . . provide for the correction of 'the deliberate choice of the district judge.'"). Plaintiff's third motion under Rule 60(a) is no different in substance from his prior motions and does not merit a different outcome. See R. & R. at 1. In addition, as no judgment exists supporting the seizure of property under Rule 64 of the Federal Rules of Civil Procedure, Plaintiff's Motion for Rule 64 Seizure of Property (ECF No. 18) is baseless.

The Court furthermore agrees with Magistrate Judge Sullivan that the Plaintiff has engaged in a pattern of filing frivolous motions in this Court as well as the United States District Court for the District of Massachusetts. See R. & R. at 2. The Plaintiff shall therefore be prohibited from filing further motions or documents in this action, except a notice of appeal, without prior approval from a judge of this Court.

For the foregoing reasons, the Court ACCEPTS the R. & R. (ECF

No. 19) in its entirety and adopts its recommendations and reasoning. For the reasons articulated by the Magistrate Judge, Plaintiff's Motion for Relief Pursuant to Rule 60(a) (ECF No. 16) is DENIED. Plaintiff's Motion for Rule 64 Seizure of Property (ECF No. 18) is also DENIED. The Plaintiff is hereby prohibited from filing further motions or documents in this action, except a notice of appeal, without prior approval from a judge of this Court.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date: January 14, 2019